IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRES HERNANDEZ, JR., #45299-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2024-L-BK |
| | § | (Criminal No. 3:15-CR-222-L-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be summarily **DISMISSED WITH PREJUDICE** as meritless.

**I. BACKGROUND**

Movant pled guilty to destruction or removal of property to prevent seizure. *See* Crim. Doc. 55. The Court sentenced him to 15 months in prison, seven of which were ordered to be served consecutive to his 300-month sentence in another criminal case. *See* Crim. Doc. 55.

Movant did not appeal. His 28 U.S.C. § 2255 motion claims only that the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2's definition of the phrase "crime of violence" is unconstitutional in the wake of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015). *See* Doc. 2 at 1-7.

**II. ANALYSIS**

Movant's attempt to challenge U.S.S.G. § 4B1.2 is misplaced for at least two reasons. First, U.S.S.G. § 4B1.2 was not used to calculate Movant's sentence. So, even if he could

successfully challenge that section's definition of "crime of violence," he would not be entitled to relief. Second, U.S.S.G. § 4B1.2 is not subject to Movant's vagueness challenge under *Johnson*. *See Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). *Beckles* held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Thus Movant's only claim for relief is without merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.[1]

**SIGNED** November 2, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE